**WO**  SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron M. Shank,<br><br>        Plaintiff,<br><br>vs.<br><br>Mike Sakal, et al.,<br><br>        Defendants. | No. CV 07-0632-PHX-MHM (JRI)<br><br>**ORDER** |

Plaintiff Aaron M. Shank, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] The Court will dismiss the Complaint with leave to file an amended complaint.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.42. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according

---

[1] "Doc.#" refers to the document number of filings in this action.

**JDDL-K**

to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Even when a claim brought by a prisoner is not seeking relief against a governmental entity or an officer or an employee of a governmental entity, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2), (e)(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend, because the Complaint may possibly be saved by amendment.

## III.    Complaint

Plaintiff alleges one claim for violation of his Fourteenth Amendment due process rights. He sues Mike Sakal, Joseph W. Cox and Bruce Dunbar, who are news "writers" or reporters, and Sergeant Mark Clark of the Scottsdale Police Department. Plaintiff seeks injunctive, compensatory and punitive damages.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must: (1) "allege a violation of his constitutional rights"; and (2) allege facts that, if proven, "show that the defendant's actions were taken under color of state law." In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular

1  defendant, and he must allege an affirmative link between the injury and the conduct of that
2  defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

3       **A.** **Failure to State a Claim for a Constitutional Violation**

4   In his claim, Plaintiff alleges that the Defendants maliciously defamed him by stating
5  or reporting that he had endangered the lives of children, fled police and committed auto
6  theft.  Specifically, he alleges that they stated or reported that he endangered children at
7  Supai Elementary School by recklessly driving through a school zone in an allegedly stolen
8  car and, after abandoning the car, running through the campus while fleeing police, which
9  resulted in a lockdown of the school.  Plaintiff was arrested and charged with unlawful flight,
10 endangerment, which was dropped or never filed, and car theft.  Plaintiff alleges that the
11 defamation will make it difficult for him to receive a fair trial and hinder future employment.

12   An action for damage to reputation ordinarily "lies . . . in the tort of defamation, not
13 in [42 U.S.C. §] 1983."  Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.
14 1988).  "To recover damages for defamation under § 1983, a plaintiff must satisfy the
15 'stigma-plus test.' . . . . Under that test, 'a plaintiff must allege loss of a recognizable property
16 or liberty interest in conjunction with the allegation of injury to reputation.'"  American
17 Consumer Pub. Ass'n, Inc. v. Margosian, 349 F.3d 1122, 1125-26 (9th Cir. 2003) (quoting
18 Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d
19 1220, 1235 n.6 (9th Cir. 1992) (*en banc*)).  The injury must be to a "previously recognized
20 right or status.  WMX Tech., Inc.  v. Miller, 80 F.3d 1315, 1319 (9th Cir. 1996) (citing Paul
21 v. Davis, 424 U.S. 693, 711 (1976)).  Further, "the 'stigma-plus test' requires that the
22 defamation be accompanied by an injury *directly caused* by the Government, rather than an
23 injury caused by the act of some third party [in reaction to the Government's defamatory
24 statements]."  Id. at 1320 (injuries caused by third party's response to government statements
25 not cognizable under § 1983).  "There are two ways to state a cognizable § 1983 claim for
26 defamation-plus: (1) allege that the injury to reputation was *inflicted in connection* with a
27 federally protected right, or (2) allege that the injury to reputation *caused the denial* of a
28 federally protected right."  Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645

**JDDL-K**                     - 3 -

1  (9th Cir. 1999); see Paul, 424 U.S. at 703.  Plaintiff has alleged neither.  At most, he
2  speculates that he may not receive a fair trial due to unfavorable publicity and/or damage to
3  his future employment prospects.  Plaintiff fails to allege facts to support any injury to his
4  recognized liberty or property interests.  Further, he fails to allege facts that, if proven, would
5  show that any injury to his reputation was inflicted in connection with a federally protected
6  right or caused the denial of a federally protected right.

### B.  Defendants Sakal, Cox and Dunbar

8  With respect to Defendants Sakal, Cox and Dunbar, Plaintiff also fails to allege facts
9  to support that these Defendants acted under color of state law.  He merely alleges that they
10  maliciously and falsely reported that he endangered children, fled from police and stole a car
11  in their capacities as news reporters.

12  Section 1983 provides a remedy for deprivations of constitutional or federal statutory
13  rights if the deprivations took place "under color of law" and that requirement is treated as
14  the equivalent of the "state action" requirement under the Constitution.  Lugar v. Edmondson
15  Oil Co, Inc., 457 U.S. 922, 928 (1982); Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir.
16  2000) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); West, 487 U.S. at 49).  In
17  short, "[a]cting under color of state law is 'a jurisdictional requisite for a § 1983 action.'"
18  Gritchen, 254 F.3d at 812 (quoting West v. Atkins, 487 U.S. 42, 46 (1988)).  A private party
19  generally does not act under color of state law, and is properly dismissed from a § 1983
20  action, unless a plaintiff makes more than merely conclusory allegations that the private party
21  was somehow a state actor or acting under color of state law.  Price v. State of Hawai'i 939
22  F.2d 701, 707-08 (9th Cir. 1991).

23  In this case, Plaintiff has alleged no facts to support that Sakal, Cox or Dunbar were
24  acting under color of state law.  Rather, he only alleges that they maliciously made false
25  statements about him in news reports.  He fails to allege any facts to support that these
26  Defendants were in any way acting color of state law.  Accordingly, Plaintiff fails to state a
27  constitutional violation against them.
28  /   /   /

JDDL-K

- 4 -

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.42.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court

must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 4th day of May, 2007.

Mary H. Murguia
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) <br> ) CASE NO. _____ <br> ) | |
| Plaintiff, | ) | |
| vs. | ) <br> ) | APPLICATION TO PROCEED |
|  | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) <br> ) | CIVIL (NON-HABEAS) |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes ☐No  If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
If "Yes," state the source and amount of the payments. _____
_____

Revised 4/9/06                                          1

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?     ☐ Yes     ☐ No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____          _____
    DATE                                            SIGNATURE OF APPLICANT

    ---

    CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
    My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
    (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
    (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
    My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

    _____          _____
    DATE                                            SIGNATURE OF APPLICANT

    ---

    CERTIFICATE OF CORRECTIONAL OFFICIAL
    AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
         (Printed name of official)
    The applicant's trust account balance at this institution is:                     $_____
    The applicant's average monthly deposits during the prior six months is:          $_____
    The applicant's average monthly balance during the prior six months is:           $_____
    The attached certified account statement accurately reflects the status of the applicant's account.

    _____
    DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

Revised 4/9/06                                    2